Shauck, J.
The mandate of the circuit court does not specify the ground upon which it reversed the judgment of the court of common pleas as is require’d by Section 6709, Revised Statutes. But it does not seem necessary to vacate the judgment and remand the cause to the circuit court for the performance of that duty since, the record places us in possession of the uncontroverted facts and enables us to render a judgment which will end the controversy. The city introduced no evidence upon the trial, and, according to the record, there was presented in the trial court a case which required, so far as the right to recover was concerned, nothing but an application of the law to facts conclusively established.
*375 We learn from the briefs that the courts below differed, as counsel now differ, respecting- the liability of municipalities in cases of this character, and especially respecting former decisions by the courts of' this state upon the subject, the cases being cited in the briefs. The doctrine of municipal liability invoked in the case, is, as is well known, peculiar to Ohio, but it does not seem that since the decision of City of Akron v. The Chamberlain Company, 34 Ohio St., 328, that peculiar doctrine can be so extended as to embrace the case here presented. The material facts are, that when the plaintiff made his improvements no grade for the highway had been established, either by actual construction, or by any declaration of any public authority. Until what is alleged to have been the change of grade in 1902, the way at this point had followed the natural surface of the rock without any change whatever. The grade, for the first time authoritatively established in 1902, was reasonable in view of the necessities of public travel. All the facts presented to the plaintiff below, when he made his improvement, admonished him that when travel should be provided for, the removal of a portion of the rock would be necessary. If, when he made his improvement, he was not of the opinion that he' would prefer that his lot should be two or three feet above the street, he did not improve with reference to the subsequent establishment of a reasonable grade. Upon this state of facts the case of Akron v. The Chamberlain Company is conclusive, and the distinct announcement of the law in the second proposition of the syllabus in that case, together with the able *376 exposition of the law by Mcllvaine, J., leaves no occasion for further comment here.
No consideration whatever seems to be due to the fact that Huber’s lot was outside the city when he made his improvement, since no grade had ever been established in any mode by any public authority prior to the making of Huber’s improvements. It seems entirely clear, therefore, that the common pleas judge should have avoided the chance of a mis-trial by directing the jury to return a verdict in favor of the city. But such a verdict was returned by the jury, and, as the plaintiff below had no cause of action, no error prejudicial to him could have been committed in any instruction given by the trial judge.

Judgment of the circuit court reversed and that of the common pleas affirmed.

Price, C. J., Crew, Summers, Spear and Davis, JJ., concur.